**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Jose De Luna FRUTO, aka Lito Fruto, Defendant—Appellant.**

**No. 99-50763.**

**D.C. No. CR-97-00083-SVW-6.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2002.*

Decided Nov. 7, 2002.

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

MEMORANDUM**

Jose De Luna Fruto appeals his conviction for procuring Immigration and Naturalization Service documents by fraud, in violation of 18 U.S.C. § 1546, on charges arising from his participation in a massive immigration fraud scheme. Fruto first argues that it is the "knowing" possession of a forged or altered entry document that is an offense under the plain meaning of 18 U.S.C. § 1546(a). He contends that because he did not "know" the I-551 stamps were counterfeit, he cannot properly be convicted pursuant to § 1546(a). Fruto

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

then alleges that his due process rights were violated when the district court found him guilty of violating § 1546(a) in the absence of evidence establishing each element of the offense. Finally, Fruto argues that the district court failed to determine the proper amount of restitution at his sentencing hearing. We affirm the district court on all three counts.

Fruto's first argument fails because 18 U.S.C. § 1546(a) clearly states on its face that it is illegal to counterfeit immigration documents *or* to procure an immigration document by fraud. The statute does not use the word "and" in discussing the knowledge element necessary to violate the statute; the statute uses the word "*or.*" As the district court correctly states, "while a defendant must possess a forged, counterfeit, or altered visa, he or she must know that it was forged or falsely made *or* know that it was procured by fraud or unlawfully obtained." Fruto admitted that he knew the immigration documents had been obtained by fraudulent means, and he does not dispute that he possessed false documents. Accordingly, his actions constitute a violation of § 1546(a), and his due process rights were not violated.

Fruto contends that the district court failed to determine the proper amount of restitution. This contention also fails. The evidence shows that Fruto had direct contact with the victims for whom he was ordered to pay restitution, and thus restitution was proper. *See United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir.1999). The district court was not obligated to consider Fruto's ability to pay restitution. The Mandatory Victims Restitution Act, which applies to crimes involving fraud or deceit, such as violations of 18 U.S.C. § 1546(a), requires courts to enter a restitution order against every defendant without regard to the defendant's economic situation. 18 U.S.C. § 3663A(a)(1). Furthermore, the district court did not order joint and several liability, notwithstanding such reference in the Pre Sentence Report. The district court is therefore affirmed.

AFFIRMED.